UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHAN NNEBE, et al.,

                            Plaintiffs,

  -v-

MATTHEW DAUS, CHARLES FRAZIER, JOSEPH ECKSTEIN, ELIZABETH BONINA, THE NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, and THE CITY OF NEW YORK,

                            Defendants.

Case No. 06-CV-4991 (KMK) (AJP)

OPINION & ORDER

---

Appearances:
Daniel Lee Ackman, Esq.
New York, New York
*Counsel for Plaintiffs*

Mary M. O'Sullivan, Esq.
Office of the Corporation Counsel
New York, New York
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

       Pursuant to Federal Rule of Civil Procedure 72(a), Defendants object to Magistrate Judge Peck's Order of April 27, 2007, which requires Defendants to immediately produce five emails to Plaintiffs. Defendants argue that four of these emails are protected by attorney-client privilege and that the fifth is protected by both the attorney-client and deliberative process privileges. Plaintiffs counter that the privileges are inapplicable in this context and that, in any event, the privileges have been waived by Defendants' repeated failure to include the emails on privilege logs. For the reasons stated herein, Defendants' Rule 72 objection is denied.

I.  Background

Email document production closed in this case on February 2, 2007.  (*See* Letter from Daniel Ackman in Opposition to Rule 72 Objections (Apr. 27, 2007).)  On February 10, 2007, Defendants produced a privilege log detailing the documents withheld as privileged from the February 2, 2007 production.  *Id.*  Corrections to this privilege log were subsequently made in an amended privilege log, and then again in a second amended privilege log.  *Id.*  However, because defense counsel "misplaced" the emails, redacted versions of the emails were not produced until April 19, 2007, and only then were they included on a "Supplemental Privilege Log."  (Letter from Mary O'Sullivan to Daniel Ackman (Apr. 19, 2007).)

II.  Discussion

A.  Standard of Review

A district court "shall modify or set aside" a magistrate's non-dispositive, pretrial order pursuant to a Rule 72 objection, only if that order is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  This is a "highly deferential standard of review," *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, No. 02 Civ. 0795, 2005 WL 551092, at *1 (S.D.N.Y. Mar. 9, 2005), permitting reversal only when the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United Gypsum Co.*, 333 U.S. 364, 395 (1948)).

B.  Waiver

As an initial matter, Judge Peck was entirely within his authority to order production of the emails on the grounds that Defendants waived their privilege claims by failing to include the emails on their initial privilege logs.  Withholding privileged materials without including the

material on a privilege log pursuant to Rule 26(b)(5) "may be viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26 advisory committee's note; *see also NextG Networks v. City of N.Y.*, No. 03 Civ. 9672, 2005 WL 857433, at *2 (S.D.N.Y. Apr. 13, 2005) ("If a claim of privilege is not asserted at the time that a party responds to a discovery request, the privilege is waived."); *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 299 (S.D.N.Y. 2003) (finding waiver of work product privilege where party failed to specify correct privilege on privilege log). "[A]lthough the result of waiver is harsh, the federal . . . rules' importance should not be diminished by skirting their application when the results prove harsh to a party." *In re Honeywell*, 230 F.R.D. at 299 (quotations omitted). Here, it is not contested that Defendants had the emails at the time of their initial privilege logs. Accordingly, it was not clearly erroneous or contrary to law for Judge Peck to order their production on the grounds that any privileges were waived.

      C.  The Claimed Privileges Are Inapplicable

Even if the privileges were not waived, Judge Peck was within his authority to order production of the emails on the grounds that the asserted privileges were inapplicable. Four of the five disputed emails involve communications between Thomas Coyne, a TLC administrative law judge, and Amy Bann, an attorney in the TLC legal department. Defendants claim that these emails are protected by attorney-client privilege. However, the "burden of establishing the applicability of the privilege rests with the party invoking it." *In re the County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007); *accord Denney v. Jenkins & Gilchrist*, 362 F. Supp. 2d 407, 412 (S.D.N.Y. 2004) ("The party asserting the attorney-client privilege bears the burden of proof."). And Defendants cite no caselaw supporting their position that an attorney-client relationship is

3

created through the *ex parte* communication between a TLC judge and members of the TLC legal department, "which argues cases before TLC judges on a daily basis." (Letter from Daniel Ackman in Opposition to Rule 72 Objections (April 27, 2007).) Absent such authority, Defendants fail to carry their burden.

The fifth email is a communication between Mr. Coyne and Joseph Eckstein, TLC's Deputy Commissioner. This email discusses Mr. Coyne's correspondence with Ms. Bann. Defendants assert that this email is protected by the deliberative process privilege, which "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002). But the "deliberative process privilege is qualified; it may be overcome by a showing a need, which is determined on a case by case basis." *In re Grand Jury Subpoena Dated August 9, 2000*, 218 F. Supp. 2d 544, 553 (S.D.N.Y. 2002). Indeed, the "deliberative process privilege has even been called discretionary," and the "party asserting the privilege bears the burden of proof." *Id.* (quotations omitted). Accordingly, Judge Peck may have exercised his broad discretion here, based on his view of Plaintiffs' need for this document. Given the deferential standard of Rule 72 review, Defendants have not demonstrated that such a determination would be "clearly erroneous or contrary to law."

## III. Conclusion

For the foregoing reasons, Defendants Rule 72 objection to Judge Peck's April 27, 2007 Order is DENIED. It is hereby

ORDERED that Defendants are to immediately produce to Plaintiffs item numbers 285 and 286 on their Supplemental Privilege Log.

SO ORDERED.

Dated:   May 3, 2007
         New York, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE