# DANIEL L. ACKMAN

ATTORNEY AT LAW

222 BROADWAY, 19TH FLOOR  •  NEW YORK, NY 10038

DIRECT DIAL: 917-282-8178

E-MAIL: D.ACKMAN@COMCAST.NET

September 22, 2015

**BY ECF & E-MAIL:**
Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007

Re: Nnebe v. Daus, 06 Civ. 4991 (RJS)

Your Honor:

　　We are writing as co-counsel to plaintiffs in the above-referenced matter to respond briefly to defendants' letter of September 17. Apart from noting that *U.S. v. Cosme* and this case have different facts, defendants claim two distinctions. First, they argue that the *Cosme* seizure was "punitive" while the TLC's interest is "regulatory." In fact, *Cosme* emphasized that the government's "switch from civil forfeiture to criminal forfeiture" made no substantial difference. In either case, *Cosme* holds that the government is required to show "probable cause" to justify the seizure of assets, which is different from probable cause to arrest or indict. Cosme Slip Op.15-17.

　　Second, defendants continue to seek refuge in *Gilbert v. Homar*, 520 U.S. 924 (1997). But in this very case, the Second Circuit explained that *Gilbert* may, in emergency situations, justify the denial of a pre-deprivation hearing, provided there is prompt and meaningful post-suspension process.  644 F.3d at 159; compare *Bailey v. Pataki*, 708 F.3d 391, 401 (2d. Cir. 2013) (" '[W]here the State feasibly can provide a predeprivation hearing,' however, 'it generally must do so regardless of the adequacy of a postdeprivation ... remedy.'") (quoting *Zinermon v. Burch*, 494 U.S. 113, 132 (1990)). But *Gilbert* has no bearing on the adequacy or meaningfulness of the post-deprivation hearings that the plaintiff taxi drivers are afforded by the TLC and which are the primary focus of proceedings before this Court.

　　　　　　　　　　　　　　　Respectfully,

　　　　　　　　　　　　　　　/s/

　　　　　　　　　　　　　　　Daniel L. Ackman
　　　　　　　　　　　　　　　David T. Goldberg
　　　　　　　　　　　　　　　　*Co-Counsel for Plaintiffs*

2

cc: Mary O'Sullivan, Esq.
    Amy Weinblatt, Esq.