Daniel L. Ackman
Law Office of Daniel L. Ackman
222 Broadway, 19th Floor
New York, NY 10038

David T. Goldberg
Donahue & Goldberg, LLP
99 Hudson Street, 8th Floor
New York, NY 10013

Mary O'Sullivan
Amy Weinblatt
New York City Law Department
100 Church Street
New York, NY 10007

June 8, 2016

**BY ECF & E-MAIL:**
Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007

Re: Nnebe v. Daus, 06 Civ. 4991 (RJS)

Your Honor:

      We are writing in response to the Court's Order dated June 3, 2016, requiring a joint letter addressing: (1) interlocutory appeal issues, including whether Plaintiffs agree that they must pursue any such appeal under 28 U.S.C. § 1292(b) (as opposed to 28 U.S.C. § 1292(a)(1)); (2) advising the Court as to whether either party wishes to pursue an interlocutory appeal pursuant to 28 U.S.C. § 1292(b); and (3) apprising the Court as to whether the parties wish to have this case referred for settlement purposes to Magistrate Judge Andrew J. Peck or to the Court-annexed Mediation Program.

**PLAINTIFFS' POSITION**

      <u>As to Settlement Procedures</u>: Plaintiffs prefer the case be referred to Magistrate Judge Peck as he is already familiar with this case, having ruled on a series of discovery issues.

      <u>As to Interlocutory Appeal Issues</u>: Plaintiffs do not agree that they must pursue an appeal under 28 U.S.C. § 1292(b) (as opposed to 28 U.S.C. § 1292(a)(1)) for reasons stated below. Accordingly, plaintiffs need not invoke 28 U.S.C. § 1292(b). If defendants wish to appeal from the Court's ruling that their pre-2007 hearing notice practices were unconstitutional, plaintiffs

have no objection to their doing so via a Section 1292(b) motion, though the Court of Appeals could, in our view, exercise jurisdiction over a cross-appeal without that potentially time-consuming petitioning process. *See Freeman v. Complex Computing Co., Inc.*, 119 F.3d 1044, 1049 (2d Cir. 1997) (exercising appellate jurisdiction over nonappealable order "intertwined with" one appealable under Section 1292(a)). Defendants also could, without cross-appealing, oppose our appeal on grounds that might, if accepted, establish their right to relief from the aspect of this Court's Order that favored plaintiffs.

As to 28 U.S.C. § 1292(a)(1) Jurisdiction: This Court indicated at the June 3 conference that plaintiffs' stated basis for appellate jurisdiction appeared to be correct. In its written order, however, the Court indicated it "remains unsure" about the basis for an appeal, later adding that it "appears that Plaintiffs cannot pursue an interlocutory appeal." Plaintiffs respectfully disagree.

First, it need hardly be said that whether the Court of Appeals has jurisdiction under § 1292(a)(1) is a matter for the Court of Appeals. By its terms, Section 1292(a)(1) confers jurisdiction over appeals of "interlocutory orders of the district courts … granting, continuing, modifying, refusing or dissolving injunctions." Plaintiffs in this case have always asserted their right to injunctive relief, which this Court acknowledged at the June 3 conference and many times before. *See, e.g.* Sum. Judg. Op. dated Aug. 22, 2013, ECF # 209 at 7 n.7 (highlighting plaintiffs' prayer for injunctive relief and observing that Second Circuit's "mandate instruct[ions]" and its "entire opinion [were] clearly concerned with the current process available to licensees to challenge their suspensions"); Pre-trial Hearing of Dec. 20, 2013, Tr. at 64 (noting prayer for injunctive relief and the need to make findings as to the TLC practices both in 2006 and currently); Findings of Fact at 15, ECF # 323 (addressing potential "remedies" and discussing requirements for injunctive relief).

Indeed, plaintiffs' April 18 letter requesting a prompt ruling explained that "the TLC's suspension-on-arrest and post-suspension hearing policies remain in effect, so our prayer for injunctive relief remains a live concern." ECF # 365. In response, the April 28 Memorandum and Order (the Order) announced that "the Court finds that Plaintiffs are not entitled to injunctive relief," because the Court had concluded that "the TLC's notice since December 2006 has been sufficient," so there was no "cognizable danger of a continuing or future violation based on inadequate notice." Order at 20. It is beyond dispute that the Order likewise definitively resolved plaintiffs' plea to enjoin the post-suspension process as constitutionally inadequate. (Indeed, if a suspended driver were to file a due process challenge to the TLC's practice in the Southern District today, seeking a preliminary injunction, it seems likely that the case would be consolidated with this one, and that relief would be denied under this Court's Order). Thus, plaintiffs may appeal the refusal of an injunction under Section 1292(a)(1) based on a bench trial order just as the defendants were permitted to appeal a non-final order in *Biediger v. Quinnipiac Univ.*, where, after a bench trial, the district court granted an injunction. 691 F.3d 85 (2d Cir. 2012).

*Sahu v. Union Carbide Corp.*, 475 F.3d 465, 467 (2d Cir. 2007), which the Court cites, is not to the contrary. At the outset, that case involved a ruling that—unlike this Court's decision—was *not* one "explicitly 'granting, continuing, modifying, refusing or dissolving injuncti[ve relief],'" but rather was claimed to have that "practical effect." *See Commodity Futures Trading Com'n v. Walsh*, 618 F.3d 218, 224 (2d Cir. 2010) (quoting § 1292(a)). In cases like this one, the

"additional 'serious consequence' requirement" for interlocutory appellate jurisdiction mentioned in *Sahu* is inoperative. *Id.*

Nor, in any event, would meeting that requirement pose any difficulty here. Plaintiffs' claims that the TLC is engaged in ongoing constitutional violations plainly establish "serious, perhaps irreparable harm." *See Brewer v. W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 744-45 (2d Cir. 2000) (unconstitutional conduct is presumed to cause irreparable harm); *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998). And while the Second Circuit in *Sahu* attached significance to the facts that the would-be appellants had "never: (1) filed for preliminary injunctive relief; (2) requested expedited trial or review proceedings; *or* (3) requested certification pursuant to 28 U.S.C. § 1292(b) or Federal Rule of Civil Procedure 54(b)," plaintiffs here have done all three. *See* ECF #s 2, 11 (June 28, 2006 & July 11, 2006) (preliminary injunction sought and denied); ECF # 335 (Sep. 12, 2014) (seeking leave to move for Section 1292(b) certification); ECF # 337 (denying certification). Unlike in *Sahu* or, for example, *Huminski v. Rutland City Police Dep't*, 221 F.3d 357, 359-60 (2d Cir. 2000), where the Court of Appeals expressed skepticism about the practical need for prompt injunctive relief, an injunction here would avoid hundreds, if not thousands, of unconstitutional suspensions (and attendant hardship), affecting many cabdrivers who have no stake in the pre-2007 notice claim still pending before this Court.[1] Indeed, both those cases occurred in procedural postures very different from here: The would-be appellants in *Sahu* and *Huminski* sought review of partial grants and denials of summary judgment; those same litigants had significant claims still pending (including, in Huminski's case, significant injunctive relief claims). The order here comes after two full rounds of summary judgment briefing (pre- and post-remand), a trial, and post-trial briefing and oral argument.

Finally, this is not a situation where shibboleths about "piecemeal litigation" should have any currency. This case has been to the Court of Appeals already, and its pendency before this Court was the result of a remand for what this Court has described as "limited" and "narrow" purposes. *See United States v. Salameh*, 84 F.3d 47, 50 (2d Cir. 1996) ("a court of appeals always has authority to restore appellate jurisdiction over a case that has been remanded to a district court"). Further, as we have explained, the remand was itself the result of defendants' serial misrepresentations to the Court of Appeals; and the extraordinary duration of this Court's ongoing proceedings—entering their sixth year—are the result of further misrepresentations to this Court. To the extent that considerations of judicial efficiency and equity have a place in the Section 1292(a) calculus, they would surely support jurisdiction here.[2]

---

[1] While the Court invited briefing on damages, it appears to have decided that plaintiffs are entitled to only nominal damages on the one claim on which they have currently prevailed.

[2] Were defendants and the Court interested in bringing this case to an efficient and just resolution and were the Court of Appeals to share the Court's apparent concerns about appellate jurisdiction, plaintiffs would be amenable, for essentially the same reasons of fairness and efficiency that support their Section 1292(a)(1) appeal, to this Court's entering Rule 54(b) judgments on the Section 1983 claims relating to the post-suspension process and post-2006 notice, that have been resolved against them, so that appellate consideration of these central claims would not be further delayed by proceedings relating to damages and attorneys' fees for pre-2007 notice violations—issues that, in our view, may well be affected or rendered academic by a Court of Appeals decision.

**DEFENDANTS' POSITION**

With respect to Point (1) in the Order, defendants submit that no appeal should lie until this Court issues a final judgment resolving all potential relief in this action. To be sure, the Memorandum and Order issued by the Court on April 28, 2016 briefly references injunctive relief. But properly understood, the Memorandum and Order simply resolves the merits of plaintiffs' federal due process claims, and does not reach the remedial aspect of this case, which had not been briefed by the parties' in their post-trial memoranda. Consistent with this understanding, the decretal paragraph of the Court's Memorandum and Order does not address injunctive relief. Thus, no interlocutory appeal can lie under 28 U.S.C. § 1291(a)(1).

Regarding Point (2), defendants do not seek certification of an interlocutory appeal under 28 U.S.C. § 1292(b), nor should one be certified on plaintiffs' behalf. Given the advanced stage of this litigation, and the few issues that remain, an interlocutory appeal would only delay, rather than "materially advance," the end of this case. It makes good sense for the parties to resolve the outstanding issues remaining in this case so that a final judgment can be entered and any appeals taken at once, rather than on a piecemeal basis.

As to the settlement issue in Point (3), defendants have reconsidered their position noted in Court on June 3. Inasmuch as the April 28, 2016, Memorandum and Order was largely favorable to defendants, defendants are not seeking to pursue referral to either Magistrate Judge Peck or to the Court's Mediation Program for the purposes of discussing settlement at this time.

Respectfully,

/s/

Daniel L. Ackman
David T. Goldberg

*Co-Counsel for Plaintiffs*

Mary O'Sullivan
Amy Weinblatt

*Co-Counsel for Defendants*