UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN NNEBE, et al.,

                Plaintiffs,

-v-

MATTHEW DAUS, et al.,

                Defendants.

No. 06-cv-4991 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      On June 3, 2016, the Court issued an Order directing the parties to file a joint letter (1) addressing whether they agree with the Court's view that Plaintiffs are not entitled to unilaterally file an interlocutory appeal from the Court's April 28, 2016 Order pursuant to 28 U.S.C. § 1292(a)(l), and instead must first seek and obtain the Court's approval to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b); (2) advising the Court as to whether either party wishes to pursue an interlocutory appeal pursuant to 28 U.S.C. § 1292(b); and (3) apprising the Court as to whether the parties wish to have this case referred to Judge Peck for a settlement conference. (Doc. No. 369.) The Court is now in receipt of the parties' joint letter, dated June 8, 2016. (Doc. No. 371.) In the letter, Plaintiffs state that they disagree with the Court's view on the interlocutory appeal issue and that therefore they will continue to unilaterally pursue their interlocutory appeal under 28 U.S.C. § 1292(a)(1). For their part, Defendants assert that they have no intention of pursuing an interlocutory appeal from the Court's April 28 Order and that neither party should be allowed to pursue any appeal until the Court issues a final judgment in this case. As for the referral issue, while Plaintiffs are willing to engage in settlement discussions before Judge Peck, Defendants are not.

In light of the fact that neither party is interested in pursuing an interlocutory appeal from the April 28 Order pursuant to 28 U.S.C. § 1292(b), and that, as Plaintiffs indicate, it is ultimately for the Court of Appeals for the Second Circuit to determine whether it has appellate jurisdiction to review Plaintiffs' interlocutory appeal of that Order under 28 U.S.C. § 1292(a)(1), the Court will not disturb its June 3 Order granting the parties' joint request to stay these proceedings pending resolution of Plaintiffs' interlocutory appeal. (*See* Doc. No. 369; *see also* June 3, 2016 Tr. at 11–13.)

As for referring this case to Judge Peck for settlement purposes, the Court declines to do so given Defendants' clear statement that they currently have no interest in participating in settlement discussions. Should Defendants' position change, the parties should jointly submit a letter to the Court renewing a request for referral.

Pursuant to the Court's June 3 Order (*see* Doc. No. 369), the parties are reminded that, by August 3, 2016, they shall jointly file a letter apprising the Court as to the status of this case, including with respect to Plaintiffs' interlocutory appeal and settlement, however unlikely. In addition, IT IS FURTHER ORDERED THAT, within twenty-four hours of the Circuit's ruling resolving Plaintiffs' interlocutory appeal (either on the merits or, as the Court believes is more likely, by denying the appeal on jurisdictional grounds), the parties shall jointly file a letter apprising the Court of the Circuit's ruling and proposing next steps.

SO ORDERED.

Dated:   June 9, 2016
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE