# DANIEL L. ACKMAN

ATTORNEY AT LAW
_____

222 BROADWAY, 19TH FLOOR  ○  NEW YORK, NY 10038
TEL: 917-282-8178
E-MAIL: dan@danackmanlaw.com

October 10, 2017

Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Nnebe v. Daus, 06 Civ. 4991 (RJS)

Your Honor:

  We are co-counsel to the plaintiffs in the above referenced action and write in response to comments by Your Honor at the September 20 conference in *Stallworth v. Joshi*, 17-cv-07119 (RJS). At that conference, Your Honor raised the prospect that pursuing an injunction in that case might be "an end run" around the prior appellate dismissal here and said that there "there might be faster vehicles for" for placing the central issues before the Second Circuit and other ways "wrap … up" this action. Your Honor urged plaintiffs to think about "the best way to get this teed up and ready to go forward" (Tr. 14). We have done so. Unless a decision on the remaining issues is imminent, the purpose of this letter is to seek permission to so move or, if necessary, a conference toward that end.

  First, the Court could proceed to a partial final judgment as to plaintiffs' core due process claims pursuant to Fed. R. Civ. P. 54(b). We have previously sought leave to so move and renew that request here. Such a judgment would "provide a practical means of permitting an appeal to the Second Circuit." If that appeal were successful, there would be no need to pursue the remaining federal and state law claims.

  Second, plaintiffs could move pursuant to Fed. R. Civ. P. 41(a) to dismiss their remaining claims without prejudice to refiling them if, but only if, the dismissal of their federal due process claims were reversed on appeal. By this practice, plaintiffs run the risk that if their appeal is unsuccessful, their entire case comes to an end. The Second Circuit has explicitly held "that a conditional waiver [of this kind] creates a final judgment reviewable" on appeal. *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003); accord: *S.E.C. v. Gabelli*, 653 F.3d 49, 56-57 (2d Cir. 2011) rev'd on other grounds, 133 S. Ct. 1216 (2013); *see also ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 92–93 (2d Cir. 2007).

As noted, if a decision on the remaining issues in this action is nearly complete, neither motion may be necessary. But as the Court stated that these issues are "fairly complicated" and added that the plaintiffs might "want to … walk away from the remaining claims," Tr. 14, permitting an appeal (which all parties recognize is inevitable in any event) sooner rather than later would help "wrap up" this 11-year-old action without a second trial or the need to resolve state law claims.

> Respectfully submitted,
>
> /s/
>
> Daniel L. Ackman
> David T. Goldberg

cc:  All Counsel (by ECF and e-mail)