UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN NNEBE, *et al.*,

                         Plaintiffs,

  -v-

MATTHEW DAUS, *et al.*,

                         Defendants.

ANTHONY STALLWORTH, *individually and on behalf of all others similarly situated, et al.*,

                         Plaintiffs,

  -v-

MEERA JOSHI *et al.*,

                         Defendants.

No. 06-cv-4991 (RJS)
No. 17-cv-7119 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      The Court is in receipt of Plaintiffs' letter, dated March 19, 2020, requesting a pre-motion conference and leave to file a motion "for a temporary injunction" and a motion for class certification, "which would follow the first motion in due course" (06-cv-4991, Doc. No. 447); Defendants' response to that letter, dated March 19, 2020 (06-cv-4991, Doc. No. 449); and the attached letter, dated April 3, 2020, which Plaintiffs' sent to the Court via email on April 6, 2020.

      IT IS HEREBY ORDERED THAT Plaintiffs shall file their motion for injunctive relief no later than April 9, 2020; Defendants shall file their opposition no later than April 24, 2020; and Plaintiffs shall file their reply, if any, no later than May 1, 2020. IT IS FURTHER ORDERED THAT the Parties shall address the April 3, 2020 letter in their submissions. The Court will set a briefing schedule for the motion for class certification following the resolution of the motion for injunctive relief.

SO ORDERED.

Dated:    April 6, 2020
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

   

April 3, 2020

Commissioner Aloysee Heredia Jarmoszuk
New York City Taxi and Limousine Commission
33 Beaver Street, 22nd Floor
New York, New York 10004
By email to: HerediaJarmoszukA@tlc.nyc.gov

Dear Commissioner Heredia Jarmoszuk:

We are a coalition of advocates comprised of public defender offices and law firms providing legal representation to Taxi and Limousine Commission ("TLC")-licensed drivers who appear in summary suspension hearings before the Office of Administrative Trials and Hearings ("OATH"). As you know, TLC Rule 68-15(d) permits the TLC to summarily suspend a driver's TLC license based upon an arrest for various, specified misdemeanor charges or any felony charge. We write to urge the TLC to temporarily cease its practice of suspending TLC licenses based on misdemeanor and non-violent felony arrests during the COVID-19 crisis. In addition, for the pendency of the COVID-19 crisis we urge the TLC to lift any active summary suspensions that are based on misdemeanor and non-violent felony arrests.

New York City is currently battling the rapid spread of COVID-19 and a lack of resources to provide medical treatment.[1] TLC drivers play a vital role to keep the City moving during the crisis. Drivers are needed to perform critical services such as transporting individuals in need of medical care, transporting essential workers (including health care workers), and delivering meals to vulnerable populations.[2]

---

[1] NPR.ORG, *Coronavirus Deaths Spike Abroad As New York City Becomes U.S. Virus Epicenter* (Mar. 21, 2020), https://www.npr.org/2020/03/21/819511621/coronavirus-deaths-spike-abroad-as-new-york-city-becomes-u-s-virus-epicenter.

[2] CBS NEW YORK, *Coronavirus Update: NYC Looking To Hire TLC-Licensed Drivers For Deliveries* (Mar. 24, 2020), https://newyork.cbslocal.com/2020/03/24/coronavirus-nyc-hiring-tlc-drivers/ (discussing DeliveryTLC, a TLC initiative in which TLC-licensed drivers "perform necessary tasks, like delivering meals to homebound senior citizens").

Often, the fastest mechanism by which a TLC driver can get their summary suspension lifted is to obtain a favorable resolution in the criminal case and provide TLC with a certificate of disposition.[3] One reason why this mechanism is the fastest is that drivers are often able to resolve their criminal cases with a TLC-favorable disposition by the first or second court appearance following the arraignment. This is a particularly frequent occurrence in cases involving misdemeanor charges and low-level felony charges. Meanwhile, the chances that a driver will ultimately be convicted on these charges are extremely low. Recent FOIL responses by the TLC indicate that during a five-year period between 2012 and the end of 2016, during which time the TLC ordered 6,669 summary suspensions, just 15 TLC-licensees (not 15%, 15 total) had their licenses revoked due to a criminal conviction.

Unfortunately, criminal cases are being administratively adjourned in response to the COVID-19 public health crisis, making it nearly impossible for drivers to resolve their cases quickly. On March 15, 2020 Chief Administrative Judge Lawrence Marks issued a memorandum stating that (1) all nonessential functions of the courts are postponed until further notice; (2) felony matters wherein the defendant is not in custody shall be administratively adjourned until further notice and; (3) criminal matters in the lower courts are only permitted to conduct arraignments and hear essential applications, such as applications for orders of protection.[4] The Chief Clerk of New York City Criminal Court, Justin Barry, further clarified on March 16, 2020 that unless instructed otherwise by the Supervising Judge, all cases in which the defendant is not in custody will be administratively adjourned for at least ninety days.

State and local governments have taken extraordinary measures in response to the aggressive spread of COVID-19 in the City. As of this writing, Governor Cuomo has issued a ninety-day moratorium on evictions and has instructed New Yorkers to avoid taking public transportation "unless urgent and absolutely necessary."[5] Mayor de Blasio has ordered law enforcement to issue fines to individuals in violation of social distancing.[6] Even within this context, though, the state has held that TLC drivers are essential workers that city residents depend upon for their transportation needs. We urge the TLC to follow the lead of Governor Cuomo and Mayor de Blasio by pausing its suspension practice in a way that will reduce hardship to drivers and which will aid New Yorkers by allowing drivers to provide crucial services.

---

[3] We recognize that TLC drivers may exercise their right to a hearing to dispute the summary suspension. However, for various reasons, including the length of time that generally passes before the TLC issues a decision post-hearing and the average lifespan of a case charging a misdemeanor or low-level felony, the hearing may not be the fastest method to get a suspension lifted for many drivers. Indeed, many drivers who would otherwise fight their criminal cases are driven to plead guilty to a violation or misdemeanor charge that would not result in TLC license revocation solely because that will get them back to work fastest.

[4] STATE OF NEW YORK UNIFIED COURT SYSTEM, *"Updated Protocols" Memorandum* (Mar. 15, 2020), https://www.nycourts.gov/whatsnew/pdf/Updated-Protocol-AttachmentA3.pdf.

[5] NEW YORK STATE, *Governor Cuomo Signs the "New York State on Pause" Executive Order* (Mar. 20, 2020) https://www.governor.ny.gov/news/governor-cuomo-signs-new-york-state-pause-executive-order.

[6] CBS NEW YORK, *Coronavirus Update: Mayor Says NYPD to Fine People Who Do Not Practice Social Distancing $250-$500* (Mar. 29, 2020), https://newyork.cbslocal.com/2020/03/29/coronavirus-andrew-cuomo-bill-de-blasio-phil-murphy-easter-passover/ (discussing various measures leaders in the Tri-State Area are taking to battle the coronavirus outbreak).

We look forward to speaking with you further about how pausing your suspension practice will allow drivers to contribute to the City's battle against COVID-19. Please contact Megumi Saito at (646) 385-6228 or [MSaito@legal-aid.org](mailto:MSaito@legal-aid.org) to set up a time to discuss. Thank you.

Sincerely,

Tina Luongo
Attorney-in-Charge, Criminal Defense Practice, The Legal Aid Society

Gabriel Freiman
Attorney-in-Charge, Employment and Education Unit, Brooklyn Defender Services

Runa Rajagopal
Director, Civil Action Practice, The Bronx Defenders

Emily Ponder Williams
Managing Attorney, Civil Defense Practice, Neighborhood Defender Service

Daniel L. Ackman
Attorney at Law