# DANIEL L. ACKMAN

ATTORNEY AT LAW

_____

222 BROADWAY, 19TH FLOOR  ○  NEW YORK, NY 10038
TEL: 917-282-8178
E-MAIL: d.ackman@comcast.net

July 2, 2020

**BY ECF:**
Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>Nnebe v. Daus, 06 Civ. 4991 (RJS); Stallworth v. Joshi, No. 17-cv-7119 (RJS)</u>

Your Honor:

      We are co-counsel to the plaintiffs in the above-referenced actions. We are writing pursuant to your Individual Practice Rule 2 and to raise two inter-related issues that we would like to discuss at the hearing that has been scheduled for next week on plaintiffs' motion for injunctive relief. First, we request that, at the hearing, we discuss the plaintiffs' request for leave to file a motion for class certification. Second, we want to raise and discuss the suggestion that the Court appoint a master pursuant to Fed. R. Civ. P. 53. While we understand that the Court stated it would set a briefing schedule for a class certification motion following the resolution of the motion for injunctive relief, plaintiffs intend to move for class certification no matter how the injunction motion is resolved. To avoid further delay this longstanding case, plaintiffs request permission to file the motion even while the injunction motion remains pending. We also understand that the damages stage of this case may be lengthy and fact-intensive and thus suggest that the appointment of a master would be appropriate in this case and would alleviate the burden on the Court.

      The Second Circuit remanded this case for class certification and remedy purposes. Indeed, given that the plaintiffs have prevailed in this case in establishing a constitutional violation for all New York taxi drivers who were summarily suspended based on arrest, it seems apparent that class certification is appropriate here. Moreover, the plaintiffs clearly meet the standard for class certification pursuant to Fed. R. Civ. P. 23. First, a class comprised of drivers summarily suspended based on an arrest meets the standard of Rule 23(a). Such as class is ascertainable as the TLC creates multiple documents recording each suspension. The proposed class is sufficiently numerous as it numbers in the thousands. The claims of all class members

turn on the answers to common questions of law and fact, indeed questions already resolved by the Court of Appeals. *See Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). The claims of the proposed class representative are typical of the class members as all their injuries derive from a unitary course of conduct by a single system. *Betances v. Fischer*, 304 F.R.D. 416, 425 (S.D.N.Y. 2015). To the extent that there are differences regarding damages, such differences do not undermine commonality or give rise to a conflict. *See, e.g., In re NASDAQ Mkt.-Makers Antitrust Litig.*, 169 F.R.D. 493, 513 (S.D.N.Y. 1996). Additionally, there would be no conflicts between the proposed class representatives and other class members, all of whom would be represented by competent counsel in satisfaction of Fed. R. Civ. P. 23(a)(4).

Plaintiffs also meet the standard of Rule 23(b). The proposed class satisfies Rule 23(b)(1)(A), which permits class certification when prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the party opposing the class. The proposed class also satisfies Rule 23(b)(3) because common legal or factual issues predominate over individual issues, because a class action is superior to other methods of adjudication to resolve this dispute, and because the class is sufficiently definite. While it is possible that of individualized damage determinations will be necessary, that prospect does not preclude a finding of predominance. *See Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 408 (2d Cir. 2015). Finally, plaintiffs easily meet the second prong of Rule 23(b)(3) since a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Thus we ask that Court grant leave for plaintiffs to move for class certification.

Second, because damages-related issues may be fact-intensive, we also suggest that the appointment of a master may alleviate the burden on the Court. While the Court of Appeals has decided the key constitutional issues, it left open detailed questions concerning injunctive relief and damages that a district and appellate judge may lack sufficient time to adjudicate. A master could help compute damages and could address post-trial matters surrounding injunctive relief going forward.

Judges in this district have repeatedly used special masters to calculate and assess damages in actions where classwide violations have been found. *See, e.g., Gulino v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 2016 WL 4129111, at *1 (S.D.N.Y. 2016) (using a special master for damages calculations following a class-wide determination on liability); *United States v. Vulcan Society, Inc.*, 2013 U.S. Dist. LEXIS 66593 at *4 (E.D.N.Y. 2012) ("As part of the remedial phase of this litigation, the Special Masters have issued a series of Reports & Recommendations ('R&Rs') as to the eligibility of individual claimants for priority hiring and monetary relief."); *Powell v. Ward*, 540 F. Supp. 515, 517 (S.D.N.Y. 1983) (appointing special master to decide damages for inmates whose disciplinary hearings were held to violate their due process rights). Likewise, in *Betances v. Fischer*, 837 F.3d 162, 165 (2d Cir. 2016), the Second Circuit found that the defendants violated inmates' due process rights by administratively imposing post-release supervision and remanded the issue of remedy to the district court. In two separate decisions on remand, the court indicated that a master could be appointed to calculate individualized damages for class members in addition to class-wide damages. *See* 403 F. Supp. 3d 212, 217-18 (S.D.N.Y. 2019); 304 F.R.D. 416, 430-32 (S.D.N.Y. 2015). A similar practice may prove useful here.

We look forward to the opportunity to discuss these issues with the Court next week.

                                          Respectfully submitted,

                                          /s/

                                          Daniel L. Ackman
                                          David T. Goldberg
                                          Shannon Liss-Riordan

cc: All Counsel (by ECF)