

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | EDWARD L. MURRAY<br>phone: 212-356-4036<br>fax: 212-356-2019<br>email: emurray@law.nyc.gov |

October 13, 2020

**By ECF**
Hon. Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Nnebe v. Daus</u>, No. 06-CV-04991; <u>Stallworth v. Joshi</u>, No. 17-CV-07119

Dear Judge Sullivan:

      We are counsel to the defendants in the above-referenced cases and write in response to plaintiffs' October 8, 2020 letter regarding their motion for injunctive relief.

      Plaintiffs complain of the extent to which TLC has "alerted" drivers of new hearing procedures. As noted in its opposition to plaintiffs' injunction motion, TLC implemented revised notices in February 2020 that inform drivers of the new procedures adopted since the Second Circuit's July 2019 decision in this action. Moreover, consistent with this Court's statements during the most recent oral argument, on September 18, 2020, TLC published for notice and comment proposed rules to codify its new procedures. The proposed rules were appended to TLC's opposition papers (ECF No. 455(5)). The publication announced that TLC would hold a public hearing on the proposed rules on October 19, 2020, the first public hearing since the onset of the pandemic in March 2020. TLC anticipates voting on the rule proposal in November 2020.

      Plaintiffs further complain of the lack of hearings and duration of suspensions. As previously noted in TLC's opposition papers, the number of hearings and hearing requests have increased dramatically since July 2019. Plaintiffs also ignore the fact that drivers often do not request a hearing until weeks into a suspension. Requiring that drivers request a hearing (as opposed to automatically scheduling hearings for all drivers, as plaintiffs request) is appropriate here because thousands of drivers let their suspended license expire, due in part to the fact that many have abandoned their license prior to suspension, and because other drivers decline a hearing, as plaintiffs noted, on advice of their defense counsel. For these reasons, and the reasons set forth in the opposition papers, this Court should deny plaintiffs' motion for injunctive relief.

                                                                      Respectfully,
                                                                        /s/
                                                                    Edward Murray
                                                                    Amy J. Weinblatt
                                                                   Assistant Corporation Counsels