# DANIEL L. ACKMAN

ATTORNEY AT LAW

_____

77 Water Street, 8th Floor * New York, NY 10005
TEL: 917-282-8178
E-MAIL: d.ackman@comcast.net

October 16, 2020

**BY ECF & E-MAIL:**
Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Nnebe v. Daus*, No. 06-cv-4991 (RJS); *Stallworth v. Joshi*, No. 17-cv-7119 (RJS)

Your Honor:

      This letter is on behalf of plaintiffs and in response to defendants' letter of October 13, which notified the Court of a new rule proposal pending before the TLC.

      First, the proposed rule amendment, which was never announced to the Court or to plaintiffs until defendants responded to our recent letter, is a welcome development. Indeed, the plan adopts at in large part plaintiffs' proposals that the TLC rules should clarify that the agency has the burden of proof at post-suspension hearing (Pl. Injunction Br. 16, ECF # 453), that rules must specify factors that the ALJs must consider (*Id*. at 18), and that the long duration of the post-suspension process must be reduced (*Id*. at 9). It is, however, a mystery why the TLC waited for more than a year since the Court of Appeals ruled and for more than six months since our injunction motion was filed to submit their proposed amendments to TLC commissioners. Certainly, the fact that the TLC is recommending this new rule belies its litigators' insistence that the agency was already in compliance with the Second Circuit's decision.

      Even assuming, however, that some version of the proposal is adopted, it is not enough. The proposal does nothing to reduce the number of erroneous and unnecessary suspensions (such as by having the TLC conduct a risk assessment before ordering a suspension). It does nothing to increase the number of hearings or to ensure that drivers receive adequate notice of the revised governing standard. And it imposes no meaningful limit on the power of the chair (or designee) to continue the suspension of any driver by overturning the determination of an ALJ who actually heard the evidence that reinstatement would not directly and substantially endanger the public. (The "requirement" that the chair state a "reasonable basis" is, in practical terms, a nullity as individual drivers have no practical means of holding the TLC to that gossamer standard.)

Thus, injunctive relief from this Court remains necessary.

                                                 Respectfully submitted,

                                                 /s/

                                                 Daniel L. Ackman
                                                 David T. Goldberg
                                                 Shannon Liss-Riordan

cc: All Counsel (by ECF)