

**J**AMES **E. J**OHNSON
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

EDWARD L. MURRAY
phone: 212-356-4036
fax: 212-356-2019
email: emurray@law.nyc.gov

December 3, 2020

**By ECF**
Hon. Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>Nnebe v. Daus</u>, No. 06-CV-04991 / <u>Stallworth v. Joshi</u>, No. 17-CV-07119

Dear Judge Sullivan:

        This office represents defendants in the above-captioned actions. We write to inform the Court that, on December 2, 2020, following public hearing and comments, the New York City Taxi and Limousine Commission ("TLC") unanimously approved amendments to the procedures following summary suspension of a TLC driver's license due to an arrest. The amendments set forth a tightened timeframe for rendering a formal decision on lifting a license suspension and codify the type of individualized review that has been undertaken since the Second Circuit's July 2019 decision in these actions. A copy of the amendments is annexed hereto for the Court's review. In accordance with rulemaking procedures, these amendments will take effect on January 8, 2021, thirty days after publication in the City Record.

                                                                 Respectfully,

                                                                 /s/

                                                            Edward Murray
                                                           Amy J. Weinblatt
                                                           Assistant Corporation Counsels

cc:    All Counsel

**New York City Taxi and Limousine Commission**

**<u>Notice of Promulgation of Rules</u>**

Notice is hereby given in accordance with section 1043(b) of the New York City Charter ("Charter"), that the Taxi and Limousine Commission ("TLC") promulgates amendments to its adjudications rules regarding the conduct of summary suspension hearing for licensees. The promulgated rules specify the timeframe for reviewing summary suspensions based upon pending criminal charges and the relevant factors for determining whether such a suspension should continue.

This rule is promulgated pursuant to sections 1043 and 2303 of the Charter and section 19-503 of the Administrative Code of the City of New York.

This rule was published on September 18, 2020, for public comment in the City Record. On October 19, 2020, a public hearing was held virtually via Webex by the TLC at its offices at 33 Beaver Street, 19th Floor, New York, New York, 10004 and the rule was adopted by the Commission at a public meeting held on December 2, 2020. Pursuant to section 1043(e)(1)(c) of the Charter, this rule will take effect 30 days following publication in the City Record.

## **Statement of Basis and Purpose**

TLC rules permit the Chairperson to summarily suspend a Driver's License upon notice of the Driver's criminal arrest or citation if the Chairperson believes that the charges, if true, would demonstrate that continued licensure while awaiting a decision on the criminal charges would constitute a direct and substantial threat to public health or safety. TLC summarily suspends the license of a Driver who is charged with a felony or serious misdemeanor. This practice will not change under the promulgated rule.

TLC rules provide that a driver whose license is summarily suspended may request a hearing before an administrative law judge ("ALJ") of the New York City Office of Administrative Trials and Hearings ("OATH"). Following the hearing, the ALJ makes a recommendation to the TLC Chairperson regarding continued suspension based on whether the driver's continued licensure pending resolution of the criminal charges presents a public safety risk. The Chairperson reviews the recommendation and makes a final decision regarding the driver's license suspension.

The promulgated rule sets forth updated procedures related to the notices and hearing for drivers following summary suspension. The rule provides guidance to the ALJs and the Chairperson as to the relevant considerations for assessing public safety risk, including the issues that may be addressed in a hearing, and the proper basis for a decision regarding continued suspension. In addition, the rule provides for a quicker return of a license for those drivers whose licensure during the pendency of the criminal proceeding is not deemed to be a direct and substantial threat to public health or safety.

During rulemaking, TLC received comments relating to the contents of the hearing notice, the type of charges on which suspension should be based, a shorter timeframe for license reinstatement, and the anonymity of hearing decisions. First, the current TLC notices incorporate many of the proposals offered by commenters and are sufficient to inform drivers of the process for requesting a hearing, the driver's right to be represented by an attorney, the relevant factors to be considered at a hearing, and the process of TLC Chairperson review. Second, other proposals regarding suspension on arraignment charges cannot be adopted for administrative reasons beyond the control of TLC. While TLC currently suspends drivers' licenses upon notification by the New York State Department of Criminal Justice Services ("DCJS") of applicable arrest charges, there is no mechanism for DCJS to provide automatic and timely notification of arraignment charges. Contrary to several of the comments regarding the timeframes of suspension hearings, the TLC suspension hearings and *Krimstock* hearings differ in scope, and TLC believes that the tightened timeframes set forth in the promulgated rule are necessary for adequate review of the record. The promulgated rule, however, does not curtail TLC's discretion to lift a suspension in advance of arraignment or during the post-suspension hearing process. TLC has exercised and will continue to exercise this discretion in appropriate circumstances. Finally, regarding comments requesting that hearing decisions be anonymous, OATH hearing rules already provide a mechanism for making the decisions anonymous.

TLC's authority for these rules is found in section 2303 of the New York City Charter and section 19-503 of the New York City Administrative Code.

New material is underlined.
[Deleted material is in brackets.]

"Shall" and "must" denote mandatory requirements and may be used interchangeably in the rules of this department, unless otherwise specified or unless the context clearly indicates otherwise.

Section 1.  Paragraph (5) of subdivision (c) of section 68-15 of Title 35 of the Rules of the City of New York is amended to read as follows:

**§68-15         SPECIAL PROCEDURES – SUMMARY SUSPENSION PENDING REVOCATION**

(c)     Conduct of Summary Suspension Hearing.

   (5)     [If] Unless otherwise specified, if the Chairperson does not render a decision within 60 calendar days from the end of the Summary Suspension hearing, the suspension must be lifted until the decision is rendered.

Section 2.  Paragraphs (2) through (4) of subdivision (d) of section 68-15 of Title 35 of the Rules of the City of New York, relating to summary suspension hearings and the disposition of criminal charges, are REPEALED, paragraph (1) is amended, and new paragraphs (2) through (9) are added, to read as follows:

(d)     Summary Suspension for Criminal Charges.

   (1)     The Chairperson can summarily suspend a License based upon[an arrest or citation]  criminal charges pending against a Licensee if the Chairperson believes that the charges, if true, would demonstrate that continued licensure would constitute a direct and substantial threat to public health or safety. Such charges include but are not limited to the following:

       (i)     Any [arrest] charge for a crime which constitutes a felony;

       (ii)    Or any [arrest or citation] charge for the following offenses:

* * *

(2) Upon imposing Summary Suspension, the Commission must promptly notify the Respondent by serving written notice specifying the basis for the Summary Suspension, advising the Respondent of the right to a Summary Suspension hearing, and specifying the issue to be decided at the Summary Suspension hearing.

(3) The Commission need not commence revocation proceedings while the criminal charges are pending. However, the Respondent is entitled to request a Summary Suspension hearing.

(4) If the Respondent requests a Summary Suspension hearing, the Commission must schedule such hearing to be held within 10 calendar days of receipt of the Respondent's request. If the tenth day falls on a Saturday, Sunday or holiday, the hearing may be held on the next business day.

(5) At the Summary Suspension hearing, the Commission must prove by a preponderance of the evidence that the charges pending against the Respondent, if true, demonstrate that the continuation of the Respondent's License during the pendency of criminal charges would pose a direct and substantial threat to public health or safety.

At the hearing, both the Commission and the Respondent may present evidence relevant to the determination, including, but not limited to:

(a) The particular facts and circumstances underlying the criminal charges, including the connection between the alleged offense and the Respondent's duties and responsibilities as a driver licensed by the Commission;
(b) The Respondent's driving record, including any history of serious violations or license suspension under these Rules or applicable provisions of law relating to traffic or Vehicles licensed by the Commission;
(c) The Respondent's previous criminal record, or lack thereof;
(d) The Respondent's character and standing in the community; and
(e) Any other evidence relevant to whether continued licensure of the Respondent during the pendency of criminal charges would pose a direct and substantial threat to public health or safety.

(6) The Recommended Decision shall be rendered within 15 business days from the close of the record of the Summary Suspension hearing.

(7) The Chairperson can accept, reject, or modify the Recommended Decision in a written decision that includes the reasons therefor. The Chairperson may not

<div style="margin-left: 2em;">
reject or modify the Recommended Decision without setting forth a reasonable basis for doing so.

(8)    (a)    Except as further specified in subparagraph (b) of this paragraph, the Chairperson must render a decision on continued suspension within twenty (20) calendar days of the date of the Recommended Decision, but only after providing the Respondent a copy of the Recommended Decision and an opportunity to respond to the Recommended Decision within ten (10) calendar days.  If the Chairperson does not render a decision within the 20-day period, the suspension must be lifted until such action is taken by the Chairperson.

(b)    Within seven (7) days of receiving a Recommended Decision recommending that the suspension be lifted, the Chairperson must: (i) accept the recommendation and lift the suspension, or (ii) provide the Respondent notice that the Recommended Decision may be rejected or modified, and the reasons therefor, and ten (10) days to respond in writing to such notice.
</div>

(9)    Notwithstanding the procedures for lifting a suspension during the pendency of criminal charges as set forth in this paragraph:

(a)    Within one (1) business day of receipt of a certificate of disposition indicating that the charges against the Respondent have been dismissed, withdrawn, reduced to an offense not specified in paragraph (1) of this subdivision, or otherwise disposed of in a similar manner, the Commission must lift the suspension

(b)    In all other cases, within five (5) business days of receiving from the Respondent a certificate of disposition of the criminal charges, the Commission must either lift the suspension or commence revocation proceedings.