UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN NNEBE, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> MATTHEW DAUS, *et al.*, <br><br> Defendants. | No. 06-cv-4991 (RJS) |
| ANTHONY STALLWORTH, *individually and on behalf of all others similarly situated, et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> MEERA JOSHI, *et al.*, <br><br> Defendants. | No. 17-cv-7119 (RJS) <br><br> ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

  On March 1, 2022, the Court entered an order granting in part Plaintiffs' motion for class certification. (06-cv-4991, Doc. No. 532 ("Class Certification Order")).[1] Now before the Court, pursuant to the Class Certification Order, are the parties' proposed class notice, plan for dissemination, and joint letter outlining the areas of disagreement and each party's reasons for their respective proposals. (Doc. Nos. 541 and 542.) The Court also heard argument from the parties at a conference held on April 19, 2022. (Doc. No. 543.)

  Having considered the parties' respective proposals and arguments, the Court concludes that: (1) the Class Notice shall include an opt-out form (as proposed by Defendants); (2) the Class

---

[1] Unless otherwise noted, all record citations are to docket 06-cv-4991.

Notice shall not require potential class members to indicate, at this stage, whether they intend to seek a damages hearing; and (3) for the reasons stated in the Court's concurrently-filed order denying Defendants' motion to amend the class definition, the Class Notice shall not contain Defendants' proposed subclass notice (Doc. No. 542). In all other respects, the parties' proposed Class Notice is approved pursuant to Rule 23(c)(2)(B), subject to the Court's modifications, in the form attached to this Order. To effectuate notice to the class, IT IS HEREBY ORDERED THAT:

- **No later than May 16, 2022**, Defendants shall provide to Class Counsel a list in Excel format that contains all class members' (1) names; (2) email addresses; and (3) last known mailing addresses. Class Counsel shall treat this information as confidential, and such information shall be used solely for purposes of this litigation.

- **No later than May 30, 2022**, Class Counsel shall disseminate the approved Class Notice. Class Counsel shall send the form by email to those class members for whom TLC has email addresses and by U.S. Mail to the last known address for those members for whom TLC does not have email addresses. Prior to any postal mailing, Class Counsel will update addresses through a database, such as the National Change of Address Database maintained by the U.S. Postal Service.

- For Class Notices that are returned to sender, Class Counsel will make reasonable attempts to find a current address and resend the returned Class Notices within fourteen (14) days of Class Counsel receiving the returned mail.

- **No later than May 30, 2022,** Defendants shall also publish the Class Notice on the TLC website along with translations of the notice into Bengali, Spanish, Arabic, Urdu, French, Punjabi, Hindi, and Simple Chinese.

- Any requests to opt out of the class must be submitted to Class Counsel and postmarked or emailed **no later than July 18, 2022.**

- **No later than August 1, 2022**, Class Counsel shall exclude all potential class members who timely opted out and file a final Class List under seal.

SO ORDERED.

Dated:   April 22, 2022
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN NNEBE, *et al.*,<br><br>                      Plaintiffs,<br>-v-<br>MATTHEW DAUS, *et al.*,<br><br>                      Defendants. | No. 06-cv-4991 (RJS) |
| ANTHONY STALLWORTH, *individually and on behalf of all others similarly situated, et al.*,<br><br>                      Plaintiffs,<br>-v-<br>MEERA JOSHI, *et al.*,<br><br>                      Defendants. | No. 17-cv-7119 (RJS) |

**NOTICE OF PENDENCY OF CLASS ACTION**

To: All Taxi or For-Hire Vehicle Drivers who licenses were suspended by the NYC Taxi and Limousine Commission (TLC) based on their being arrested on criminal charges between 2003 and 2020 (collectively, the Class).

**PLEASE READ THIS NOTICE CAREFULLY IN ITS ENTIRETY.**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.**
**TRANSLATED VERSIONS OF THIS NOTICE ARE AVAILABLE AT [INSERT WEB ADDRESS]**

This is a court-ordered notification that you may be a member of the Class in two related pending lawsuits against City of New York and officers of the NYC Taxi and Limousine Commission, which are currently pending in the United States District Court for the Southern District of New York.

This Notice is intended to advise you that the Action has been certified by the Court to proceed as a class action and that the Court has determined that there were constitutional violations in the manner in which the City notified and conducted hearings for drivers who were subject to a suspension based on arrest between June

28, 2003 and February 18, 2020.  **As a result, you may be entitled to compensatory money damages.  You need not take any action at this time to be part of this case.**

**This Notice is to explain to you:**

      1. What the lawsuits are about
      2. Your rights as a member of the Class
      3. Whether you may be entitled to money damages
      4. What you may need to do
      5. Further court proceedings
      6. How to get more information about the lawsuit

**1. What the Lawsuits Are About**

There are two related lawsuits: *Nnebe et al. v. Daus, et. al.* (Case No. 06-cv-4991) and *Stallworth, et al. v. Joshi, et al*.  (Case No. 17-cv-7119).

Plaintiffs Jonathan Nnebe, Eduardo Avenaut, Khairul Amin, Anthony Stallworth, Parichay Barman and Noor Tani, together with the New York Taxi Workers Alliance (NYTWA), challenged the process that the defendants provided to drivers whose licenses were suspended by TLC due to an arrest for certain criminal charges.  Specifically, plaintiffs alleged that the post-suspension notice and hearings to reinstate a suspended license pending resolution of the driver's criminal case were unconstitutional.  In 2019, the U.S. Court of Appeals for the Second Circuit ruled that the defendants denied suspended drivers their constitutional right to due process of law because (1) the notices did not adequately inform drivers of the nature of the hearing and (2) the hearings failed to provide a meaningful opportunity for drivers to contest their license suspension.

The District Court has allowed the lawsuit to proceed as a class action.  In a class action, one or more people called the "Class Representative" sue on behalf of other people, called "Class Members," who have similar claims.  In this case, the Class Representatives are Plaintiffs Jonathan Nnebe, Eduardo Avenaut, Khairul Amin, Anthony Stallworth, Parichay Barman and Noor Tani, each of whom had his license to operate a taxi or for-hire vehicle (FHV) suspended by TLC following an arrest.

In March 2022, the District Court certified a class of all Taxi or For-Hire Vehicle Drivers whose TLC licenses were suspended based on the driver having been arrested on a criminal charge any time between June 28, 2003, and February 18, 2020.  Now the District Court will determine who is entitled to compensatory damages and, if entitled, how much.  The Court ruled that all drivers who are members of this class would be entitled to at least nominal damages of one dollar.

**2. Your Rights as a Class Member**

You received this Notice because the Court has certified a Class in this lawsuit and you were identified as a Class Member whose rights were violated.  A class action is a type of lawsuit in which one or several individuals prosecute claims on behalf of all members of a group of similarly situated persons to obtain money damages or other relief for the entire group.  The District Court decided that this lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23.  Judge Richard J. Sullivan is overseeing this class action.

Any judgment in this matter is binding on all members of the Class.  If your license was suspended by TLC due to an arrest on a criminal charge at any time between June 28, 2003, and February 18, 2020, you are included in the Class unless you request to be excluded in accordance with the procedures set forth below.

The class is represented by Daniel L. Ackman, David T. Goldberg, and Shannon Liss-Riordan, who have been appointed as Class Counsel; their contact information is below.  You may, however, at your own expense, enter an appearance in this case through your own attorney, but you do not need to do so.

**3. Can I Obtain Money Damages?**

All Class Members are eligible for nominal money damages of one dollar.  Whether an individual class member will also receive compensatory money damages will be determined through a proceeding that will evaluate whether he or she would have been reinstated had there been an adequate hearing and adequate notice of the right to an adequate hearing.  The proceeding will involve making a determination as to whether the Class Member's continued TLC licensure during the pendency of his or her previously-pending criminal case would have posed a direct and substantial threat to public safety.  The amount of compensatory damages, if any, will be determined by a neutral decisionmaker, based in part on evidence of losses the individual suffered as a result of the TLC's unconstitutional suspension practices.  Defendants may contest the Class Member's eligibility for, and evidence presented at, a proceeding for compensatory money damages.

**4. What You May Need to Do**

**You do not need to do anything to remain in the Class and receive nominal damages and the possibility of obtaining additional compensatory damages**.  If you do not want to remain in the Class, then you must request to be excluded (or opt out) from the Class in writing.  If you exclude yourself from the Class, you will not participate in any settlement, recovery, or favorable judgment in the lawsuit.  If you decide to opt out of the class, you may, however, prosecute your claims individually.  If you hire a lawyer to do so, it will be at your own expense.

**If you want to exclude yourself from the Class, you must complete the attached form to exclude yourself from the Class.**

If you decide to exclude yourself from the Class, you must send the completed form by first-class mail or by overnight delivery, postmarked **no later than July 18, 2022**, to Class Counsel at [insert mailing address.]  Alternatively, you may email the completed form to [insert email address] **no later than July 18, 2022**.  **Please do not send the form to the Court.**

5. **Further Court Proceedings**

As described above, the Court has already decided the merits of the case in favor of the Plaintiffs and established a Class.  Next, the Court will decide through individual hearings which Class Members are entitled to compensatory damages and, if so, how much.

6. **How to Get More Information**

This Notice is only a summary; it does not fully describe the claims and defenses of the parties.  The pleadings and all other records in this litigation may be examined during regular office hours at Daniel Patrick Moynihan U.S Courthouse, 500 Pearl Street, New York, New York 10007.  If you need additional information, you may also write to Class Counsel by mail at the following address or by e-mail at [insert e-mail address] or call [insert phone number].

**[INSERT CLASS COUNSEL CONTACT INFORMATION]**

7. **What if my address has changed?**

If this Notice was mailed to you at an old address, or if you move, please advise the Class Counsel of your current address so that you can receive any future notices and/or Proof of Claim forms.  If you are not a member of the Class, you may discard this notice. Any change to your address should be mailed to [insert mailing address.]

## REQUEST FOR EXCLUSION FROM CLASS ACTION

*Nnebe et al. v. Daus, et. al.* (Case No. 06-cv-4991)
*Stallworth, et al. v. Joshi, et al.* (Case No. 17-cv-7119)

**PLEASE READ THESE INSTRUCTIONS**

**You DO NOT need to complete this form.  If you wish to remain a member of this class action and receive nominal money damages, DO NOTHING.**

**If you want to exclude yourself from this class action, complete this form and postmark or email it no later than July 18, 2022.**

**PERSONAL INFORMATION:** Please print or type the following information.

Name: _____   TLC License No: _____

Street Address: _____

City, State, Zip Code: _____

Email Address: _____

Telephone Number: _____

**SELECT THE APPROPRIATE BOX AND SIGN**

| ☐ | I want to be excluded from the Class in this action.  I understand that: (1) I will not share in any potential recovery that might be obtained by the Class as a result of trial or settlement of this action; (2) I will not be bound by any decision in the action favorable to the Defendant; and (3) I may present any claims I have against the Defendants by filing my own lawsuit at my own expense. |
|---|---|

Signature: _____   Date: _____

**SUBMISSION INSTRUCTIONS**

This form must be emailed to _____ on or before **July 18, 2022** or mailed to the following address _____, postmarked no later than **July 18, 2022**.  **Please do not mail this form to the Court.**