UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN NNEBE, *et al.*,<br><br>       Plaintiffs,<br>-v-<br>MATTHEW DAUS, *et al.*,<br><br>       Defendants. | No. 06-cv-4991 (RJS) |
| ANTHONY STALLWORTH, *individually and on behalf of all others similarly situated, et al.*,<br><br>       Plaintiffs,<br>-v-<br>MEERA JOSHI, *et al*.,<br><br>       Defendants. | No. 17-cv-7119 (RJS)<br><br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

  Now before the Court are Defendants' letter, filed pursuant to the Court's Individual Rules and Practices, requesting leave to file a motion to amend the class definition (Doc. No. 534 ("Letter"); 17-cv-7119, Doc. No. 147),[1] and Plaintiffs' letter opposing the request (Doc. No. 537 ("Opp.")).  The Court heard argument on these submissions on April 19, 2022.  (Doc. No. 543.) Having considered the parties' submissions and oral arguments, the Court deems the Defendants' motion made and DENIES it without prejudice to renewal following the conclusion of the class notice period.

---

[1] Unless otherwise noted, all record citations are to docket 06-cv-4991.

Defendants principally seek to amend the definition of the liability class to include only those drivers who had a hearing during the class period. (Letter at 1.) As an initial matter, the Court agrees with Plaintiffs that Defendants' letter is mostly an improper attempt to relitigate class certification, and the Court need not entertain arguments that it has either already rejected or that Defendants failed to raise in their opposition to class certification. More significantly, however, Defendants' belated arguments miss the mark.

First, although Defendants concede that some drivers may not have requested a post-suspension hearing because they believed the hearings were futile, they argue that "the issues that would need to be considered in identifying, within the current class of 20,000 drivers, the few hundred drivers who would have requested a hearing would predominate over common issues." (Letter at 2.) But the Court need not make such a determination on a class-wide basis. Defendants acknowledge that every member of the class, including those who did not actually request a hearing, suffered a procedural due process violation based on the constitutionally deficient post-suspension notice and is therefore entitled to at least nominal damages. (*See* Letter at 3 ("Outside of [the drivers who had a hearing during the class period], all other class members would be entitled to nominal damages due to the inadequate notice.").) While the Court agrees that determining class members' entitlement to compensatory – rather than nominal – damages would pose predominance problems, that is precisely why the Court declined to certify a damages class and held that compensatory damages must be proven in individual proceedings.

Defendants next argue that amendment of the class definition is necessary because "[P]laintiffs have not established that *all* suspended drivers were [actually] injured due to the mere receipt of a deficient notice," such that some absent class members could potentially lack Article III standing. (Letter at 3 (emphasis added).) There are several problems with this argument. Most

2

fundamentally, its premise is simply mistaken. The Second Circuit has already ruled that the post-suspension notices denied Plaintiffs procedural due process, *Nnebe v. Daus*, 931 F.3d 66, 88–89 (2d Cir. 2019), and it is settled law that "the denial of procedural due process [is] actionable for nominal damages without proof of actual injury," *Carey v. Piphus*, 435 U.S. 247, 266 (1978). Indeed, as discussed above, Defendants concede that "*all* . . . class members" are "entitled to nominal damages due to the inadequate notice." (Letter at 3 (emphasis added).) And "for the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021).

Moreover, even if Defendants *could* cast doubt on absent class members' Article III standing, their argument still fails because the Article III standing inquiry at the class certification stage focuses on the named plaintiffs, not the absent class members. While it is ultimately true that "[e]very class member must have Article III standing in order to *recover* individual damages," *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (emphasis added), there is no requirement that "each member of a class submit evidence of personal standing" at the class certification stage, *Denney v. Deutsche Bank AG,* 443 F.3d 253, 263 (2d Cir. 2006).[2] Rather, "only one of the named Plaintiffs is required to establish standing in order to seek relief on behalf of the entire class." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 241 (2d Cir. 2007). And Defendants make no argument that the named

---

[2] Defendants' counterargument, which relies on a single sentence in *Denney* stating that "no class may be certified that contains members lacking Article III standing," 443 F.3d at 264, fails to account for the surrounding context of that statement. In the very same paragraph, the Second Circuit also explained that "[p]assive members need not make any individual showing of standing, because the standing issue focuses on whether the [named] plaintiff is properly before the court, not whether represented parties or absent class members are properly before the court," *id*. (quoting Newberg on Class Actions § 2.7 (4th ed. 2002)). *See also* Newberg on Class Actions § 2.3 (5th ed. 2021) (explaining that there is "the possibility that a well-defined class will nonetheless encompass some class members who have suffered no injury – this proposition is generally unproblematic as the non-injured parties can just be sorted out at the remedies phase of the suit").

Plaintiffs – who have already prevailed on their procedural due process claims – lack standing to pursue compensatory *and* nominal damages arising out of their constitutional injuries. Finally, to the extent that Defendants are really arguing that the named Plaintiffs lack adequate "standing" to pursue not their own claims, but the claims of absent class members, that argument would go to the propriety of class certification, not Article III standing, and the Court has already determined that the Rule 23 prerequisites were satisfied. *See Irving Tr. Co. v. Nationwide Leisure Corp.*, 95 F.R.D. 51, 57 n.6 (S.D.N.Y. 1982) ("Generally, when the Rule 23(a) prerequisites are met, there will be standing, since those prerequisites demand that the plaintiff alleged injury resulting from a class wrong."); *see also* 1 Newberg on Class Actions § 2:1 (5th ed. 2021) ("[T]he standing inquiry should simply focus on the class representative's individual standing while the representational inquiries should be made through the lens of Rule 23, not standing.").[3]

Finally, Defendants alternatively request that the Court certify a subclass of "the approximately 200-plus drivers who had a hearing during the class period" and limit individual (compensatory) damages hearings to only members of that subclass. (Letter at 3.) This proposal, however, fails to account for the possibility that a driver *would have* pursued a hearing – and even ultimately prevailed – had adequate process been available. And as the Second Circuit has recognized here, the post-suspension hearings provided by the TLC failed to afford adequate

---

[3] Defendants also rely on *Brody v. Village of Port Chester*, 261 F.3d 288 (2d Cir. 2001), to argue that receipt of deficient notice alone is insufficient to establish standing (Letter at 3), but *Brody* is clearly inapposite. In *Brody*, the Second Circuit vacated a district court's grant of a preliminary injunction and held that the plaintiff had not alleged standing to pursue a procedural due process claim arising out of condemnation proceedings. *Brody*, 261 F.3d at 289–90. There, the plaintiff attended a public hearing and opposed the condemnation of his property, but he did not receive notice of – and so did not attend – a second hearing. *Id.* at 289. During the second hearing, however, the comments he made at the first hearing were expressly considered, and the plaintiff had not alleged that he would have made different comments at the second hearing. *Id.* at 290. The Second Circuit therefore concluded that he had failed to allege an injury in fact resulting from his not knowing about the second hearing. *Id.* Here, in contrast, Plaintiffs have maintained throughout this litigation that they were deprived of the opportunity to meaningfully challenge their license suspensions due to inadequate notice and hearing procedures, and this position was vindicated in the Second Circuit's ruling in Plaintiffs' favor on their procedural due process claims. *See Nnebe v. Daus*, 931 F.3d 66 (2d Cir. 2019).

process and drivers were typically discouraged from proceeding with a hearing because "there [was] little or no chance that the driver [would] ultimately prevail." *Nnebe*, 931 F.3d at 74 n.7 (internal quotation marks omitted). While it does not automatically follow from the Second Circuit's conclusion that all class members *will* be entitled to compensatory damages, *see Warren v. Pataki*, 823 F.3d 125, 143 (2d Cir. 2016), it would be improper at this juncture to exclude certain plaintiffs from seeking to prove, in individual hearings, that they *are* entitled to compensatory damages even though they did not request a hearing following their suspension. Rather, it seems clear that an individual plaintiff would be entitled to recover compensatory damages if he can show that he suffered actual injury, such as loss of income, that was proximately caused by the "receipt of deficient process." *Warren*, 823 F.3d at 143. This would require proving that (1) he either (a) requested a hearing or (b) *would have* requested a hearing but for the deficient notice and/or hearing procedures; and (2) "a different outcome would have been obtained had adequate procedural protections been given," *Nnebe*, 931 F.3d at 88 n.26 (quoting *Warren*, 823 F.3d at 143) – that is, he would have prevailed at a hearing applying the standard articulated by the Second Circuit.

Accordingly, Defendants' motion is DENIED in its entirety, without prejudice to renewal following the conclusion of the class notice period. While Defendants should not, in any future letter, raise arguments that the Court has already rejected (or that otherwise merely attempt to relitigate class certification), the Court remains open to the possibility that, at some future point, subclassing may be necessary to address class management issues that may arise. *See In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 141 (2d Cir. 2001); Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

The Clerk of Court is respectfully directed to terminate the open motions at 06-cv-4991, Doc. No. 534, and 17-cv-7119, Doc. No. 147.

SO ORDERED.

Dated:     April 22, 2022
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation