UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN NNEBE, *et al.*, <br><br> Plaintiffs, <br> -v- <br> MATTHEW DAUS, *et al.*, <br><br> Defendants. | No. 06-cv-4991 (RJS) |
| ANTHONY STALLWORTH, *individually and on behalf of all others similarly situated, et al.*, <br><br> Plaintiffs, <br> -v- <br> MEERA JOSHI, *et al.*, <br><br> Defendants. | No. 17-cv-7119 (RJS) <br><br> ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of Plaintiffs' October 3, 2022 letter, in which Plaintiffs seek reconsideration of this Court's September 27, 2022 order denying Plaintiffs' prior request that Defendants be ordered to produce the phone numbers of each class member. (Doc. Nos. 555–57.)[1] The Court is also in receipt of Defendants' October 7, 2022 opposition letter and Plaintiffs' October 11, 2022 reply letter. (Doc. Nos. 558–59.) For the reasons set forth below, the motion for reconsideration is DENIED, and the parties are HEREBY ORDERED to appear for a conference on October 21, 2022 to discuss the adequacy of class notice.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

---

[1] All record citations are to docket 06-cv-4991.

overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Here, the Court's prior order did not *overlook* important factual matters that might reasonably be expected to alter the conclusion reached by the Court. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("[A motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks omitted)); *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("[A] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced."). To the contrary, Plaintiffs did not previously present the facts they now rely on concerning their lack of success in initiating communication with class members via email and regular mail, even though such information was directly relevant to Plaintiffs' request that the Court now additionally order Defendants to provide class members' phone numbers. (*Compare* Doc. No. 555 at 1–2, *with* Doc. No. 557 at 3.)

Nor can it be said that the Court's prior order contains a clear error of law based on the limited facts presented. In denying Plaintiffs' request that Defendants be ordered to produce the phone numbers of each class member, the Court explained that "Plaintiffs [had] not persuasively shown that their current methods for reaching out to class members – which Plaintiffs and Defendants themselves proposed as sufficient to disseminate class notice (Doc. No. 541 at 4) – is

inadequate to initiate communication with class members regarding hearings on compensatory damages." (Doc. No. 556 at 1–2.) Plaintiffs contend that, in so stating, the Court misapplied Federal Rule of Civil Procedure 26(b)(1), which merely requires that requested discovery be relevant. (Doc. No. 557 at 2.) But Plaintiffs ignore the obvious fact that discovery with respect to communicating with class members was put to rest months ago, after (1) Plaintiffs and Defendants agreed that class notice should be emailed and mailed (Doc. No. 541 at 4), (2) the Court ordered Defendants to provide class counsel with all potential class members' names, email addresses, and last known mailing addresses (Doc. No. 544 at 2), and (3) class counsel then disseminated class notice and submitted the ostensibly final class list in early August, without raising any concerns to the Court that the agreed upon means of communicating with the class was or would be insufficient (Doc. No. 550). *See* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action . . . ."); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) ("A district court has wide latitude to determine the scope of discovery . . . .").

More troublingly, Plaintiffs' recent arguments raise serious concerns about the adequacy of class notice and the potential need to reopen the class-notice and opt-out period. Only after submitting the class list and identifying the opt-outs – with the deadline to submit a list of those class members requesting compensatory-damage hearings looming – did Plaintiffs begin to question the efficacy of the previously agreed upon means of communicating with the class. (Doc.

No. 552 at 2; Doc. No. 555 at 1–2.)  And it was not until their motion for reconsideration that Plaintiffs disclosed, for the first time, that "thousands of mailing addresses have proven to be incorrect or out-of-date" and that, of the emails sent to 9,000 of the class members, "[m]ore than half . . . have not been opened or have bounced back."  (Doc. No. 557 at 3; *see also* Doc. No. 559 at 2.)  Contrary to Plaintiffs' suggestion that somehow these facts only pertain to the efficacy of the most recent communications regarding compensatory-damage hearings (Doc. No. 557 at 3), these facts obviously cast doubt on the efficacy of *all* communications to the class, and the Court must now reevaluate whether email and regular mail were in fact adequate means to disseminate class notice.

In order to discuss the class-notice issue, IT IS HEREBY ORDERED THAT the parties shall appear for a conference on October 21, 2022, at 10:00 a.m. in Courtroom 21C at the Daniel Patrick Moynihan, 500 Pearl Street, New York, New York 10007.  Additionally, for the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.  The Clerk of Court is respectfully requested to terminate the motion pending at Document No. 557.

SO ORDERED.

Dated:     October 14, 2022
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation