UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN NNEBE, *et al.*,

                Plaintiffs,

  -v-

MATTHEW DAUS, *et al.*,

                Defendants.

No. 06-cv-4991 (RJS)

ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      The Court is in receipt of the parties' August 4, 2023 joint letter. (*See* Doc. No. 594.) As an initial matter, because there still appears to be some dispute (*see id.* at 2), the Court reiterates that an individual Plaintiff will need to prove that "he either (a) requested a hearing or (b) *would have* requested a hearing but for the deficient notice and/or hearing procedures." (Doc. No. 545 at 5; *see also* Doc. No. 592 at 2 (again explaining that an individual Plaintiff will need to prove that he "would have requested a constitutionally adequate post-suspension hearing had it been available and known to [him] at the time of [his] suspension").) As the Second Circuit explained in *Warren v. Pataki*, "[i]n the procedural due-process context, . . . courts must determine whether a different outcome would have been obtained had adequate procedural protections been given," and "[i]f the outcome would not have been different, the plaintiff is presumptively entitled to no more than nominal damages." 823 F.3d 125, 143 (2d Cir. 2016); *see also Nnebe v. Daus*, 931 F.3d 66, 88 n.26 (2d Cir. 2019). Here, proving that an individual Plaintiff did request a hearing, or would have requested a constitutionally adequate post-suspension hearing had it been available and known to them at the time of their suspension, is clearly a necessary prerequisite to proving that "a different outcome would have been obtained." *Warren*, 823 F.3d at 143.

Regarding expert discovery (*see* Doc. No. 594 at 2 & n.1), IT IS HEREBY ORDERED THAT Plaintiffs shall file expert reports no later than August 31, 2023. Should Defendants wish to file rebuttal expert reports, they shall confer with Plaintiffs to set a mutually agreeable deadline and seek recourse from the Court thereafter if agreement cannot be reached.

Regarding the planned information exchange ahead of the October 16, 2023 damages trial (*see, e.g.*, Doc. No. 594, Ex. A), IT IS HEREBY ORDERED THAT the disclosures pertaining to the twenty individual Plaintiffs set for trial shall be provided as soon as possible but no later than September 11, 2023. The Court reminds the parties that, pursuant to the Court's July 25, 2023 order and its Individual Rules and Practices, the parties must submit the joint proposed pretrial order, voir dire questions, verdict form, and jury instructions, as well as motions in limine and, if useful, a pretrial memorandum, no later than September 15, 2023. Oppositions to any motions in limine and legal arguments in any pretrial memorandum shall be filed no later than September 22, 2023. (*See* Doc. No. 592 at 2.)[1] As to scope of the planned information exchange, IT IS FURTHER ORDERED THAT:

- In answering Plaintiffs' Disclosure question 3(a)(i) (*see* Doc. No. 594, Ex. A at 2), each individual Plaintiff shall provide information and documentation (to the extent available) regarding net income from use of his license, estimated monthly for the six months before the suspension *and* the six months after the suspension.[2] In explaining those numbers, the individual Plaintiff shall provide information and documentation (to the extent available) regarding the gross income from use of his license and driving-related expenses. The Court finds this information relevant to establishing the income an individual Plaintiff would

---

[1] This presumes that the October 16, 2023 damages trial is proceeding as a jury trial. Should it instead proceed as a bench trial, the parties are directed to consult the Court's Individual Rules and Practices regarding the submissions that must accompany the joint proposed pretrial order.

[2] Question 4 in Defendants' Disclosure (*see* Doc. No. 594, Ex. A at 3) should be similarly adjusted to provide an individual Plaintiff's TLC earnings for the six months before and after the suspension.

have earned during the suspension period and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

- Each individual Plaintiff shall also provide (1) his highest level of education/certification; (2) information and documentation (to the extent available) regarding earnings from sources unrelated to his TLC license during the six months before the suspension and the six months after the suspension; (3) information regarding means of support (e.g., family, public benefits) if he did not obtain an alternative employment income source during the suspension; and (4) information regarding efforts to lease his cab or medallion to others during the suspension if he owned the cab or medallion. The Court finds this information relevant to the issue of mitigation of damages and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).[3]

- To the extent Defendants are still seeking individual Plaintiffs' Form 1040 U.S. Individual Income Tax Returns, in compliance with Rule 2(G) of the Court's Individual Rules and Practices, the parties shall file a joint letter concerning the issue no later than August 18, 2023. The parties shall also address what dispute, if any, remains regarding Plaintiffs' request that Defendants provide data within their possession regarding average daily receipts by yellow cab and other types of TLC drivers.

SO ORDERED.

Dated: August 13, 2023
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[3] As has already been explained (see Doc. No. 595 at 2), the Court finds that requiring each individual Plaintiff to provide this information, along with information regarding leasing arrangements, replacement jobs, and efforts to find replacement jobs (see Doc. No. 594 at 3, Ex. A at 2), would not "require [Plaintiffs] to expend significant additional resources to conduct discovery and prepare for trial," nor would it "significantly delay the resolution of the dispute." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (internal quotation marks omitted). In part for this reason, Defendants' motion for leave to file an amended answer was granted.