UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN NNEBE, *et al.*, | |
| Plaintiffs, | No. 06-cv-4991 (RJS) |
| -v- | ORDER |
| MATTHEW DAUS, *et al.*, | |
| Defendants. | |

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of the parties' August 18, 2023 letter, in which Defendants' request that at least certain Plaintiffs be directed to produce copies of their tax returns for the year(s) in which their licenses were suspended by the Taxi and Limousine Commission ("TLC"), as well as for the year before and year after the suspension. (Doc. No. 602 at 3–6.) For the reasons set forth below, Defendants' request is DENIED.

Because of the public interest in encouraging the filing by taxpayers of complete and accurate returns, as well as the private nature of the sensitive information contained therein, courts in this Circuit have been generally reluctant to order discovery of tax returns. *See Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018). As a result, litigants are typically ordered to produce tax returns only where (1) they are relevant to the parties' claims and defenses, and (2) there is a compelling need for their disclosure because the information is not otherwise readily obtainable. *See id.*; *S.E.C. v. Garber*, 990 F. Supp. 2d 462, 465 (S.D.N.Y. 2014); *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 294 (E.D.N.Y. 2011); *see also generally* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i), (c)(1).

Here, where Plaintiffs seek damages for lost earnings, and Defendants are pursuing an affirmative defense of mitigation of damages, Plaintiffs' tax returns would certainly be relevant. *See Carmody v. Village of Rockville Centre*, No. 05-cv-4907, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007). But while the first prong of the two-part test for disclosure is satisfied, the Court finds that the second prong is not. Plaintiffs will be submitting signed disclosure statements providing information regarding the income derived from driving- and non-driving activities during the relevant time periods, accompanied by "any [non-tax-return] documents regarding their pay that they have." (Doc. No. 602 at 3; *see also* Doc. No. 594 at 1 (parties tacitly agreeing to signed disclosure statements in lieu of interrogatories).) Plaintiffs will also be testifying under oath and available for cross-examination at trial. (*See generally* Doc. Nos. 573, 594 (parties never requesting depositions).) And as to driving-related income, Defendants already possess, and have agreed to produce, gross fare data for the individual Plaintiffs, as well as average TLC driver earnings, to the extent available. (Doc. No. 602 at 1, 5.) Under these circumstances, the Court does not see a compelling need for tax-return disclosure. *See Carmody*, 2007 WL 2042807, at *3; *Melendez v. Primavera Meats, Inc.*, 270 F.R.D. 143, 145 (E.D.N.Y. 2010); *Sabatelli v. Allied Interstate, Inc.*, No. 05-cv-3205, 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13, 2006).

Additionally, the Court notes that, given Defendants' longstanding possession of Plaintiffs' gross fare data and average TLC driver earnings, tax returns would be most pertinent to mitigation of damages – a defense the Court allowed to be included in the amended answer principally because it was convinced that additional discovery would be minimal and not disruptive of the October 2023 trial date. (Doc. No. 595 at 2; Doc. No. at 598 at 3 n.3.) *See Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). In light of the Court's fast-approaching September 11, 2013 deadline for disclosures (Doc. No. 598 at 2), the potential delay involved in requiring certain

Plaintiffs to produce tax returns is further reason to deny Defendants' request. *See* Fed. R. Civ. P. 26(c)(1).

Accordingly, IT IS HEREBY ORDERED THAT those Plaintiffs scheduled to commence trial in October 2023 need not produce tax returns. IT IS FURTHER ORDERED THAT, as Plaintiffs' counsel has already seemingly agreed, those Plaintiffs scheduled for trial will produce all relevant non-tax return documents in their possession that relate to, or identify, income during the relevant years – including but not limited to W-2 forms, 1099 forms, wage statements, and disability or unemployment payments – no later than September 11, 2023. (*See, e.g.*, Doc. No. 602 at 3.)

SO ORDERED.

Dated: August 24, 2023
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation