UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN NNEBE, *et al.*,

                Plaintiffs,

-v-

MATTHEW DAUS, *et al.*,

                Defendants.

No. 06-cv-4991 (RJS)

ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On November 16, 2023, after a four-day trial, the jury returned a unanimous verdict awarding damages to ten Plaintiffs on their claims against Defendants pursuant to 42 U.S.C. § 1983. (Doc. No. 656-19). Specifically, the jury awarded compensatory damages for lost earnings and emotional distress as follows:

| Plaintiff | Lost Earnings | Emotional Distress |
|---|---|---|
| Aboul Diane | $16,000 | $3,000 |
| Souleymane Diaby | $8,000 | $1,000 |
| Khadim Diop | $21,000 | $1,000 |
| Carlos Gonzabay | $34,000 | $5,000 |
| Dilawer Khan | $5,500 | $500 |
| Kevin O'Malley | $12,000 | $10,000 |
| Lenny Polanco | $35,000 | $7,500 |
| Olson Weekes | $9,000 | $5,000 |
| Ning Zhang | $10,500 | $1,000 |
| Kamara-Jai Njenga Warren | $4,000 | $500 |

Before entering judgment, the Court must first determine whether, and to what extent, the plaintiffs are entitled to prejudgment interest on their damages awards. Though section 1983 contains no express provision on this point, "prejudgment interest is generally appropriate in § 1983 actions," especially when the plaintiff seeks to recover lost wages. *Rao v. N.Y.C. Health & Hosps. Corp.*, 882 F. Supp. 321, 326 (S.D.N.Y. 1995). Indeed, "it is ordinarily an abuse of discretion *not* to include pre-judgment interest" to compensate a plaintiff for lost earnings. *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998) (internal quotation marks omitted). On the other hand, prejudgment interest is seldom warranted for damages that flow from non-economic harms like emotional distress. *See Sulkowska v. City of New York*, 170 F. Supp. 2d 359, 371 (S.D.N.Y. 2001); *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 214 (S.D.N.Y. 2001); *see also E.E.O.C. v. Everdry Mktg. & Mgmt., Inc.*, 556 F. Supp. 2d 213, 223–24 (W.D.N.Y. 2008) ("Unlike awards of prejudgment interest on backpay, awards of prejudgment interest on emotional distress damages is not the norm for New York federal courts").

When prejudgment interest is appropriate, the rate is typically set as the "average rate of return on one-year [Treasury] bills for the relevant time period." *Jeanty v. City of New York*, No. 18-cv-5920 (KPF), 2021 WL 276553, at *8 (S.D.N.Y. Jan. 27, 2021) (citing 28 U.S.C. § 1961). "The award of prejudgment interest is calculated from the time the claim arises through the date of entry of judgment." *Id.* As a result, courts generally calculate the overall prejudgment interest figure in three steps:

> First, the backpay award should be divided pro rata over the appropriate time period. Second, once the award is divided, the average annual United States treasury bill rate of interest referred to in 28 U.S.C. § 1961 will be applied. Third and finally, in order to guarantee complete compensation to the plaintiff, the interest will be compounded annually.

*Id.* (quoting *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 151 (E.D.N.Y. 2013)).

In light of the foregoing principles, the Court is inclined to assess prejudgment interest on only the lost earnings portion of each Plaintiff's award, according to the calculation methodology set forth in *Jeanty*. Accordingly, IT IS HEREBY ORDERED THAT the parties shall each file a submission that calculates the prejudgment interest on lost earnings for each of the ten Plaintiffs who secured such awards. In those submissions, the parties shall specify their views as to (1) the starting date for calculating prejudgment interest for each Plaintiff, *see id.* ("the time the claim arises "), (2) the applicable interest rate for each Plaintiff, *see id.* ("the average annual United States treasury bill rate"), and (3) the total amount of prejudgment interest for each Plaintiff, assuming that judgment will be entered on December 22, 2023, *see id.* (interest "compounded annually"). To the extent either party disagrees with the Court's proposed methodology, they are directed to elaborate on those objections in their submissions. Plaintiffs shall file their submission regarding prejudgment interest by December 8, 2023; Defendants shall file a responsive submission by December 15, 2023.

SO ORDERED.

Dated: November 22, 2023
New York, New York

 

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation