UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN NNEBE and ALEXANDER KARMANSKY, individually and on behalf of all others similarly situated,

                      Plaintiffs,

-against-

MATTHEW DAUS, CHARLES FRASER, JOSEPH ECKSTEIN, ELIZABETH BONINA, THE NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, AND THE CITY OF NEW YORK,

                      Defendants.

1:06-CV-4991

AMY WEINBLATT declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.    I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants. As such, I am familiar with the facts stated below and submit this declaration to place on the record relevant documents regarding the costs of mediation in this matter.

2.    In the instant case, Class Counsel (specifically, Shannon Liss-Riordan) made the suggestion that the parties engage a private mediator to assist with settlement efforts, and undersigned counsel made inquiries at the office regarding approval for this expenditure. The Corporation Counsel's office's approval for payment of fees for private mediation was obtained under two conditions: that the expenditure to the office not exceed $20,000 (twenty thousand dollars) and that the cost of mediation be divided evenly between the Corporation Counsel and Class Counsel with no future cost-shifting or billing.

3.    In at least one telephone conversation between late 2023 (after the bellwether trial) and early April 2024 (when a mediator was retained), I explained to Shannon

Liss-Riordan that the Corporation Counsel's office would likely approve the expenditure for mediation but that the budget would be limited (I do not recall whether I shared the specific dollar amount) and specifically that Class Counsel themselves needed to agree to pay half the costs without subsequent billing.

4. Shannon Liss-Riordan verbally agreed to each of these conditions during at least one phone conversation during this period of time.

5. In an email to Shannon Liss-Riordan dated January 25, 2024 at 9:37 AM, the undersigned said, "If I could [seek authority for retaining a private mediator], would plaintiffs be willing to split the cost (meaning not bill the City for their share later on in a fees application)?", to which Liss-Riordan responded, "On the mediator, yes, we will agree to that." See Exhibit A.

6. The parties then engaged in the process of choosing a mediator, and after selecting Steven Sonnenberg of JAMS, Inc., undersigned counsel advised JAMS that all bills should be split evenly between the attorneys for the parties per agreement. See April 5, 2024, emails between undersigned counsel and Patrick Palmer of JAMS, annexed as Exhibit B.

7. Attached as Exhibit C are true and correct copies of certain additional emails between undersigned counsel and Shannon Liss-Riordan in February and April of 2024 regarding sharing the cost of mediation.

Dated:    New York, New York
          September 26, 2025

                                              _____/S/_____
                                              AMY J. WEINBLATT
                                              Assistant Corporation Counsel