# DANIEL L. ACKMAN

## LAW OFFICE OF DANIEL ACKMAN

28 LIBERTY STREET, 6TH FLOOR
NEW YORK, NY 10005
TEL: 917-282-8178
E-MAIL: D.ACKMAN@COMCAST.NET

April 13, 2026

**BY ECF & E-MAIL**:
Hon. Richard J. Sullivan
United States Circuit Judge
Sitting by Designation
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Nnebe v. Daus*, No. 06-cv-4991 (RJS)

Your Honor:

I am writing as class counsel in the above-referenced case to urge the Court to rule finally on the fairness and adequacy of the class settlement, which are unopposed, and that it do so promptly even if the Court deems it necessary to reserve determination of an appropriate attorneys' fee award.

As the Court is aware, Plaintiffs moved for preliminary approval of the class settlement more than a year ago and the Court granted the motion on May 7, 2025 (Dkt. No. 744). At the August 13, 2025, hearing on final approval, Defendants explicitly endorsed the settlement's fairness, reasonableness, and adequacy. Likewise, not one of the nearly 20,000 individual class members filed an objection to the settlement. Indeed, near the end of the hearing, Your Honor said, "I haven't heard anybody say this is a bad deal, and I wouldn't want it, and I don't think the Court should approve it. . . . I certainly am likely to approve this settlement. . . . I think I am likely to find this is a fair settlement; in fact, quite a good settlement." (Tr. at 129) Earlier, the Court noted, "[I]t's a settlement for $140 million total, which is one of the largest settlements in the history of the City. So it's a big number." (Tr. at 49) The Court did note, however, "I think the only question for me is what the attorneys' fees will be." (Tr. at 128) And while Defendants did oppose our proposed fee award, not a single class member has done so--even though it will be the class members, not Defendants, who will pay the fees.

To date, class members have submitted claims that total more $130 million. We fully expect that by the bar date, which is not until 180 days after the Court's final approval of the settlement, the value of class member claims will exceed $140 million, the maximum Defendants can owe under the settlement agreement. (Dkt. 741-1, ¶ 22)

Given the large number of claims filed, it is perhaps unsurprising that my co-counsel and I have received many entreaties from class members wondering about when claims will be paid. Many of these class members have reported serious financial difficulties that settlement payments would alleviate. Unfortunately, we have no specific answer to their questions.

In view of these genuine hardships, we suggest that, if helpful, the Court consider granting the settlement final approval issue separately from the (disputed) fee issue. That means of proceeding, we believe, is within the Court's authority under the Federal Rules, *see, e.g.*, *In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 678-79 (9th Cir. 2025); *In re Equifax Inc. Customer Data Security Breach Litig.*, 999 F.3d 1247, 1282 (11th Cir. 2021), and has the potential to facilitate a more "just [and] speedy determination," Fed. R. Civ. P. 1, of this civil rights action, which is close to its 20th anniversary.

Meanwhile, if the Court has any concerns that we could help address, we would be happy to do so.

Respectfully submitted,

/s/

Daniel L. Ackman

cc: All Counsel (by ECF)

2